IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER MILES,

      **Plaintiff,**

**vs.**                              **CASE NO.  4:23-CV-00532-WS-MAF**

**CASH AMERICA PAWN SHOP,**
**et al.,**

      **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee proceeding *pro se*, initiated a civil rights complaint, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not file a motion to proceed *in forma pauperis* (IFP) and paid just $5 of the $405 filing fee. See ECF No. 6. This Court screened Plaintiff's original complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and found it legally insufficient as filed. ECF No. 3. The Court construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and advised Plaintiff his complaint would likely be dismissed unless he corrected the deficiencies. ECF No. 3. The Court also directed Plaintiff to either file an IPF motion or pay the filing fee. ECF No. 3. The Court gave

Plaintiff until January 19, 2024, to comply followed by an extension, until **February 23, 2024**. See ECF Nos. 3, 9. As of the date of the drafting of this Report, Plaintiff has not complied. For the reasons stated it is recommended that the complaint be dismissed and the case be closed.

## I.    Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II.   Procedural History

On December 12, 2023, Plaintiff initiated this case with a complaint alleging Defendants discriminated against him and violated his right to bear arms under the Second Amendment because they did not allow him to purchase a gun. ECF No. 1. The Court found the complaint legally insufficient because (1) it was a shotgun pleading, (2) liability may not be based on the

doctrine of respondeat superior, (3) certain Defendants were not state actors, and (3) because certain claims were likely barred by the statute of limitations. ECF No. 3. The Court directed Plaintiff to amend no later than January 19, 2024. Id. Plaintiff had not filed a motion to proceed IFP or paid the $405 filing fee; so, the Court directed Plaintiff to do so by the same deadline. Id.

Plaintiff paid $5 toward the filing fee. ECF No. 6. He also filed a first amended complaint and an IFP motion. ECF Nos. 7, 8. The Court denied the IFP motion because (1) an authorized penal official did not sign the financial certificate, (2) Plaintiff did not provide the inmate account statements for the six-month period immediately preceding this case, and (3) his IFP application and certain account statements were inconsistent. ECF No. 9. The Court gave Plaintiff another opportunity to comply, until **February 23, 2024**. Id.

Next, Plaintiff filed a letter seeking an extension of time; however, it did not comply with the Rules governing this proceeding. The Court struck the filing as improper. ECF No. 11. Plaintiff was reminded that he was required to either file a proper IFP motion or pay the filing fee by the deadline. Id. Plaintiff did not do so. It bears noting that Plaintiff has numerous cases pending here; and the Court warned dismissal would be recommended if Plaintiff did not comply with Court orders.

Case No.  4:23-cv-00532-WS-MAF

### III.    Plaintiff's Amended Complaint, ECF No. 7.

Plaintiff sued Cash America Pawn Shop and the Tallahassee Police Department (TPD), solely in their official capacities. ECF No. 7, pp. 1-3. Plaintiff claims the defendants collaborated to deprive him of the right to "bear arms." Id., p. 5. In 2018, Plaintiff went to the pawn shop to purchase a 9-mm Glock pistol. Id. TPD officers stopped Plaintiff in the parking lot. Id. Plaintiff claims he had just made a $40-$50 deposit on the gun. Id. According to Plaintiff, the officers spoke to the cashiers and, then, came out and told Plaintiff he could leave. Id., p. 6. In January 2019, Plaintiff put another deposit down on the same gun and received a receipt. Id. This time, he was stopped by police while inside the store. Id. Officers forced Plaintiff to get a refund of his monies and told him, if he returned, he would be arrested. Id.

Plaintiff is suing each Defendant for $500,000,000 for discrimination and violating his rights under the Second Amendment. Id., p. 7. He is suing the TPD for an additional $20,000,000 for "calling the cops during the sale of a clean gun." Id.

### IV.    Discussion

Plaintiff had multiple opportunities to amend his complaint to correct the deficiencies this Court identified, but did not do so, as discussed below.

Case No.  4:23-cv-00532-WS-MAF

A. <u>Plaintiff's Complaint is Shotgun Pleading and Fails to State a Claim</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." <u>LaCroix v. W. Dist. Of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." <u>Id.</u> Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and

are insufficient to proceed. In <u>Weiland</u>, <u>supra</u>, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u>, at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." <u>Id.</u>, at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Id.</u>

Plaintiff's complaint is a shotgun pleading because Plaintiff does not properly attribute acts or omissions to Defendants. Aside from accepting Plaintiff's deposits to purchase a gun, Plaintiff presents no facts suggesting Cash America Pawn discriminated against him or violated any other right. Similarly, Plaintiff blames the TPD for the acts of individual officers. It is well-settled that *respondeat superior* claims are not actionable in a Section 1983 action unless a plaintiff can establish that an official policy or custom was the

Case No.  4:23-cv-00532-WS-MAF

"moving force" behind the alleged constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978); Craig v. Floyd Cty, 643 F.3d 1306, 1310 (11th Cir. 2011). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Plaintiff does not provide any facts to suggest any policy or custom was behind the alleged violation.

Moreover, Cash America Pawn is not a state actor under Section 1983; it is a private business. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a "state actor' for Section 1983 purposes."). Nothing suggests Cash America Pawn is a state actor here. Plaintiff's claims are conclusory, vague, and immaterial, which is insufficient to state a constitutional claim. ECF No. 7. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Therefore, Plaintiff's complaint is subject to dismissal.

Plaintiff had multiple opportunities to amend his complaint but did not. His amended complaint failed to cure any of the deficiencies.

Case No.  4:23-cv-00532-WS-MAF

B. <u>Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee</u>

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Clerk of Court provided Plaintiff with the proper form. ECF No. 3. Plaintiff only paid $5. ECF No. 6. The Court directed Plaintiff to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee. ECF Nos. 3, 9. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. <u>Id.</u> Plaintiff filed an IFP motio, but it was incomplete; and Plaintiff has not refiled the IFP motion nor did he pay the remainder of the filing fee. Therefore, dismissal is proper.

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" <u>Equity Lifestyle Props., Inc. v. Fla. Mowing And Landscape Servs., Inc.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing <u>Chambers v. NASCO, Inc.</u>,

Case No.  4:23-cv-00532-WS-MAF

501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until **February 23, 2024**, to comply but has not done so. See ECF No. 9. Plaintiff's only response was to file an improper filing. ECF No. 10. Such defiance to this Court's order need not be tolerated. Id. Dismissal is appropriate.

## V.   Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** because the amended complaint is a shotgun pleading and because Plaintiff failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

Case No.  4:23-cv-00532-WS-MAF

**DONE AND ORDERED** this 5th day of March, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.  4:23-cv-00532-WS-MAF